[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-11632

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

FERNANDO CRAWFORD,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:18-cr-00318-MLB-JKL-2

_____

Before WILSON, BRANCH, and ANDERSON, Circuit Judges.

PER CURIAM:

Fernando Crawford pleaded guilty, pursuant to a written plea agreement containing a sentence-appeal waiver, to one count of conspiracy to commit wire fraud.[1]  Following his plea, Crawford filed a consent motion for a 60-day continuance of his sentencing hearing because his wife (who was also his codefndant)—whom he intended to call at sentencing to support his request for a minor role reduction under the guidelines—had been taken into INS custody and was unavailable for the sentencing hearing.  The district court denied the motion by docket entry.[2]  Thereafter, the district court sentenced Crawford to 37 months' imprisonment followed by three years' supervised release.

Crawford appeals, arguing that the district court's denial of his request for a continuance so that he could obtain the testimony of an exculpatory witness violated his Fifth Amendment rights to

---

[1] Crawford was indicted on twelve criminal counts.  In exchange for his plea to Count 1, the government agreed to dismiss all of the remaining counts upon entry of the judgment pursuant to the Northern District of Georgia's Standing Order 07-04, which provides that "any counts still pending in a criminal case at the time the Judgment and Commitment Order is entered are dismissed without prejudice . . . ."  *See* N.D. Ga. Standing Order 07-04 (September 12, 2007).

[2] Crawford renewed his request for a continuance at sentencing, and it was denied.

compulsory process and a fair hearing. The government moves to dismiss this appeal pursuant to the sentence-appeal waiver. Crawford opposes the motion. He acknowledges that the sentence-appeal waiver is valid, but he argues that it does not apply because no appeal waiver contemplates that a defendant waive his right to due process and a fair sentencing hearing. After review, we conclude that the appeal waiver is unambiguous, valid, enforceable, and that it bars Crawford's claim. Therefore, we grant the government's motion to dismiss.

Crawford's plea agreement contained the following sentence-appeal waiver:

> To the maximum extent permitted by federal law, the Defendant voluntarily and expressly waives the right to appeal his conviction and sentence and the right to collaterally attack his conviction and sentence in any post-conviction proceeding (including, but not limited to, motions filed pursuant to 28 U.S.C. § 2255) on any ground, except that the Defendant may file a direct appeal of an upward departure or upward variance above the sentencing guideline range as calculated by the District Court. Claims that the Defendant's counsel rendered constitutionally ineffective assistance are excepted from this waiver. The Defendant understands that this Plea Agreement does not limit the Government's right to appeal, but if the Government initiates a direct appeal of the sentence imposed, the Defendant may file a cross-appeal of that same sentence.

The record establishes that the district court questioned Crawford about the sentence-appeal waiver during the change-of-plea hearing, and that it was knowingly and voluntarily entered. Indeed, Crawford does not dispute that the appeal waiver is valid. *See United States v. Bushert*, 997 F.2d 1343, 1351 (11th Cir. 1993) (explaining that to be valid and enforceable, the government must show that either (1) the district court specifically questioned the defendant about the waiver during the plea colloquy; or (2) the record makes clear that the defendant otherwise understood the full significance of the waiver). Rather, Crawford argues that the type of Fifth Amendment due process challenge to the sentencing proceedings that he raises is not contemplated by the sentence-appeal waiver. We disagree.

"[A]n appeal waiver includes the waiver of the right to appeal difficult or debatable legal issues or even blatant error."[3] *United States v. Boyd*, 975 F.3d 1185, 1191 n.5 (11th Cir. 2020) (quoting *United States v. Grinard-Henry*, 399 F.3d 1294, 1296 (11th Cir. 2005)); *see United States v. Howle*, 166 F.3d 1166, 1169 (11th Cir. 1999) (same). Thus, a defendant is "free to bargain away his right to raise constitutional issues" on appeal, and even "a vigorous dispute about an issue during the sentencing proceedings does not preserve that issue for appeal when the terms of the appeal waiver

---

[3] "We review the validity of a sentence appeal waiver de novo." *United States v. Johnson*, 541 F.3d 1064, 1066 (11th Cir. 2008).

do not except it from the waiver." *United States v. Bascomb*, 451 F.3d 1292, 1296–97 (11th Cir. 2006).

Nevertheless, we have recognized that a sentence-appeal waiver "is not an absolute bar to appellate review" and, notwithstanding such a waiver, appellate review may be available in a narrow category of circumstances. *United States v. Johnson*, 541 F.3d 1064, 1068 (11th Cir. 2008). For instance, we have indicated that "a defendant who has executed an effective waiver does not subject himself to being sentenced entirely at the whim of the district court." *Id.* (quotations omitted). Similarly, an appeal waiver does not bar challenges to a sentence imposed in excess of the statutory maximum or "based on a constitutionally impermissible factor such as race." *Id.* (quotations omitted). And, we have recognized that "in extreme circumstances—for instance, if the district court had sentenced the defendant to a public flogging—due process may require that an appeal be heard despite a previous waiver." *Id.* (alterations adopted) (quotations omitted).

Crawford's argument that the district court denied him his constitutional right to due process and a fair sentencing hearing when it denied his motion for a continuance so that he could obtain the testimony of his wife in support of his request for a minor role reduction does not fit within any of the previously identified exceptions to a sentence-appeal waiver. Rather, his claim falls within the category of garden variety constitutional challenges that are barred by a valid sentence-appeal waiver. *See, e.g.*, *United States v. Rubbo*, 396 F.3d 1330, 1335 (11th Cir. 2005) (holding that

Sixth Amendment claim under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), was barred by sentence-appeal waiver); *United States v. Brown*, 415 F.3d 1257, 1272 (11th Cir. 2005) (holding that the claim that the statute under which the defendant was convicted violated the non-delegation doctrine of Article I of the Constitution was barred by an appeal waiver).  And although Crawford asserts in passing that the denial of his motion for a continuance resulted in "a miscarriage of justice," we have not adopted a miscarriage of justice exception to appeal waivers.

Accordingly, Crawford's valid sentence-appeal waiver bars his claim, and we GRANT the government's motion to dismiss.

**APPEAL DISMISSED.**